UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TOMMY J. McCLANAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-350 |
| ) | (VARLAN/SHIRLEY) |
| JO ANNE BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of Plaintiff's Objections to Magistrate's Report and Recommendation [Doc. 13]. In the Report and Recommendation [Doc. 12], United States Magistrate Judge C. Clifford Shirley, Jr., found that defendant Commissioner's decision that plaintiff's organic brain dysfunction met the criteria of section 12.02 of the Listing of Impairments beginning July 27, 2001, but not earlier, is supported by substantial evidence in the record as a whole and should be affirmed. He recommended that plaintiff's Motion for Summary Judgment [Doc. 8] be denied and defendant Commissioner's Motion for Summary Judgment [Doc. 10] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. §§ 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370 (6th Cir. 1987). The substantial evidence standard of review requires that the Administrative Law Judge's decision be accepted if a reasonable mind might accept the evidence in the record as adequate

to support the ALJ's conclusions. *Smith v. Sec'y of Health & Human Serv.*, 893 F.2d 106, 108 (6th Cir. 1989) (citation omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in plaintiff's favor. *Id.* (citation omitted).

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have decided differently issues of credibility. *Siterlet v. Sec'y of Health & Human Serv.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), however, the Court now undertakes a *de novo* review of those portions of the Magistrate Judge's report and recommendation to which plaintiff objects.

Plaintiff objects to the report and recommendation on two grounds. First, plaintiff contends Magistrate Judge Shirley erred in concluding "that there is no medical evidence of more than moderate limitations before July 2001." [Doc. 13 at 3]. Second, plaintiff argues the ALJ failed to apply the proper legal standard when he failed to apply Social Security Ruling (SSR) 83-20 in establishing plaintiff's onset date. As a result of these alleged errors, plaintiff seeks an order remanding the case for consideration of the onset date according to SSR 83-20. The Court will address each argument in turn.

First, plaintiff argues Magistrate Judge Shirley erred in "conclud[ing] that there is no medical evidence of more than moderate limitations before July 2001." [Doc. 13 at 3]. Plaintiff argues Magistrate Judge Shirley failed to consider as medical evidence a psychological evaluation performed by Leonard Miller, Ph.D. on January 23, 2001, in which

2

he characterized plaintiff as a "totally dysfunctional individual." [*Id.* (quoting Tr. at 556)]. Magistrate Judge Shirley did not conclude, as plaintiff alleged, that "there is no medical evidence of more than moderate limitations before July 2001." [Doc. 13 at 3; *see also* Doc. 12]. Instead, Magistrate Judge Shirley applied the proper legal standard and concluded, "*substantial evidence* supports the ALJ's decision that plaintiff was not disabled before July 27, 2001." [Doc. 12 at 8 (citing *Boyes v. Sec'y of Health & Human Serv.*, 46 F.3d 510, 512 (6th Cir. 1994)) (emphasis added)].

In finding substantial evidence to support the July 27, 2001 onset date, Magistrate Judge Shirley specifically reviewed the findings of Drs. Huskey, Nevils, Page, Spangler, and Abraham. Although Magistrate Judge Shirley did not identify Dr. Miller or his January 2001 evaluation specifically, in reviewing the medical evidence, he did note that "plaintiff was shown to have depression between February 1997 and July 2001. . . ." [*Id.* at 9]. This is consistent with Dr. Miller's January 2001 evaluation, in which he diagnosed plaintiff as suffering from depression. [Tr. at 557]. Thus, the Court is satisfied that Magistrate Judge Shirley sufficiently considered the medical evidence, including Dr. Miller's January 2001 *diagnosis* of plaintiff, even though that evaluation, including Dr. Miller's *characterization* of plaintiff as "totally dysfunctional," was not specifically identified in the report and recommendation.[1]

---

[1] The Court notes that Dr. Miller's January 2001 evaluation was not identified or discussed in plaintiff's Motion for Summary Judgment [Doc. 9]. Plaintiff only mentioned Dr. Miller's July 27, 2001 report, which the ALJ noted was the first medical documentation of organic brain dysfunction; thereby eliminating an earlier onset date. [*See* Doc. 9 at 2 (quoting Tr. 273)].

3

Second, plaintiff argues the ALJ failed to apply the proper legal standard when he failed to follow the legal requirements of SSR 83-20. Plaintiff contends that this is a reversible legal error. The Magistrate Judge, in considering and rejecting this argument, emphasized that, according to SSR 83-20, the claimant's alleged onset date is significant "only if it is consistent with the severity of the condition(s) shown by the medical evidence." [*See* Doc. 12 at 8]. Plaintiff objects to the Magistrate Judge's emphasis on this point, characterizing it as a "*post hoc* rationalization" that is not permitted because it was not a rationale presented by the agency. [*See* Doc. 13 at 9-10].

Plaintiff, however, is mistaken. The Magistrate Judge emphasized that plaintiff's alleged onset date should be considered under SSR 83-20 *only* if it was consistent with the medical evidence in an effort to explain why the ALJ need not have considered SSR 83-20. The ALJ considered the medical evidence and found a lack of significant mental difficulties prior to July 27, 2001. [*See* Tr. 271-74]. That finding obviates the need for an application of SSR 83-20, because SSR 83-20 *only* applies where plaintiff's alleged onset date is consistent with the medical evidence.

The ALJ had a significant medical record available, including medical evidence dating from the plaintiff's alleged onset date in February 1997. [*See* Doc. 12 at 7-8]. After reviewing the medical evidence, including Dr. Miller's evaluations, the ALJ concluded that July 27, 2001, was plaintiff's onset date. *See Boyes*, 46 F.3d at 512*; see also Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989) (determination of onset date upheld if supported by substantial evidence, even if record arguably supports different date); *Miller*

4

*v. Sec'y of Health & Human Serv.*, 843 F.2d 221 (6th Cir. 1988). In rejecting plaintiff's alleged onset date, the ALJ made clear, and the Magistrate Judge repeated, that plaintiff had "depression between February 1997 and July 2001, which required accommodation in the workplace, but that he had *only moderate limitations of ability* to maintain social functioning and sustain concentration, persistence, or pace." [Doc. 12 at 9 (citing Tr. 276) (emphasis added)]. Thus, the medical evidence was inconsistent with plaintiff's alleged onset date. Stated differently, because plaintiff's alleged onset date was not consistent with the medical evidence, SSR 83-20 did not apply.

Therefore, Magistrate Judge Shirley did not err in failing to mention Dr. Miller's January 2001 evaluation, and the ALJ did not err in failing to follow SSR 83-20. Therefore, plaintiff's objection [Doc. 13] to Magistrate Judge Shirley's report and recommendation will be overruled. The Court will accept the report and recommendation [Doc. 12] in whole. Accordingly, plaintiff's Motion for Summary Judgment [Doc. 8] will be denied, and defendant's Motion for Summary Judgment [Doc. 10] will be granted.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE